UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNIQUE PRODUCT SOLUTIONS, LIMITED, | ) ) ) | CASE NO. 5:10 CV 1912 - DAP |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| HY-GRADE VALVE, | ) ) | |
| Defendants. | ) ) | |

## RELATOR'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## TABLE OF CONTENTS

I.    INTRODUCTION...................................................................................... 1

II.   PROCEDURAL POSTURE..................................................................... 1

III.  STATEMENT OF FACTS........................................................................ 2

IV.   HY-GRADE'S BUSINESS ACTIVITIES IN OHIO SATISFIES GENERAL
      AND SPECIFIC PERSONAL JURISDICTION........................................... 4

      A.   Ohio's Long Arm Statue............................................................ 5

      B.   Due Process............................................................................... 5

           i.   Purposeful Availment....................................................... 6

           ii.  Reasonableness Factors.................................................... 6

V.    VENUE IS PROPER IN THIS DISTRICT............................................... 7

VI.   RELATOR'S COMPLAINT SATISFIES RULE 9(b) WHICH ALLOWS A
      PARTY'S INTENT TO BE ALLEGED GENERALLY................................ 9

      A.   Stating A Claim Under Section 292............................................. 9

      B.   Hy-Grade's Intent To Deceive.................................................... 11

      C.   Motion for Leave to Amend....................................................... 16

VII.  CONCLUSION........................................................................................ 16

# TABLE OF AUTHORITIES

## CASES

*Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007)................... 5

*Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236 (6th Cir. 1993)..................... 9

*Americans For Fair Patent Use v. Sprint Nextel*, 2011 U.S. Dist LEXIS 2947 (E.D. Texas, Jan. 12, 2011)................................................................................................................. 8

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994)............... 6

*Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008)..................................... 6, 7

*Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005)........................ 10, 13

*Coca-Cola Foods v. Empresa Comercial Internacional de Frutas, S.A.*, 1997 U.S. Dist. LEXIS 9295, at \*27 (M.D. Fla. June 12, 1997)............................................... 2

*Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996).*Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980)................................................................................... 4

*DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242 (2nd Cir., 1986)......................... 12

*Harrington v. CIBA Vision Corp.*, 2008 U.S. Dist. LEXIS 64119 (W.D. N.C., July 23, 2008)....... 8

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999).................. 11, 12

*Hoffman v. Comshare, Inc.*, 183 F.3d 542 (6th Cir. 1999)........................................ 12

*Hollander v. Etymotic Research, Inc.*, 2010 U.S. Dist. LEXIS 71071 (E.D. Pa., July 14, 2010). 7, 8

*Hoodlums Welding Hoods*, 2009 U.S. Dist. LEXIS 100356 (E.D MO)............................... 7

*In re BP Lubricants USA, Inc.*, No. 2010-M960 (Fed. Cir. Sept. 14, 2010)........................ 11

*Inamed v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001)............................................. 6

*Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 706-09 (1982). ................................................................................... 2

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)........................................... 4

*Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506 (6th Cir. 2006). ............................ 4

*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)........................................... 9

*Meijer, Inc. v. Ferring B.V.*, 585 F.3d 677 (2nd Cir., 2009)................................. 12

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir., 1988)................... 12

*Miller v. Currie*, 50 F.3d 373 (6th Cir. 1995)............................................... 9

*Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951). .......................................... 7

*Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010)........................... 10, 12, 13

*Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529 (2nd Cir., 1998)............................. 12

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968).......................... 6

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).................. 9

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)..................................................... 9

*Simonian v. Blistex*, 2010 U.S. Dist. LEXIS 117058 (E.D. Ill. Nov. 3, 2010)................... 13

*Sistrunk v. City of Strongsville*, 99 F.3d 194 (6th Cir. 1996). ……………………………..…… 9

*South Cherry St., LLC v. Hennessee Group LLC,* 573 F.3d 98 (2nd Cir., 2009)………… …... 14

*Texas Data Co. v. Target*, 2011 U.S. Dist. LEXIS 2917 (E.D. Texas, Jan. 12, 2011)…..……... 8

*U.S. ex rel. FLFMC, LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. LEXIS 45453

  (W.D. Pa., May 7, 2010)…………………………………………………………………………8

*Van Dusen v. Barrack*, 376 U.S. 612 (1964)……………………………………………………7

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559 (1980)……………. 6

## STATUTES

28 U.S.C. § 50……………………………………………………………………………… 11

28 U.S.C. § 292. …………………………………………………………… 4, 11-14, 16-19

28 U.S.C. § 1395……………………………………………………………………………… 8

28 U.S.C. § 1404……………………………………………………………………………… 7

## RULES

Fed R. Cir. P. 8……………………………………………………………………………... 11

Fed R. Cir. P. 9……………………………………………………………....……... 1, 4, 11-16, 19

Fed R. Cir. P. 30……………………………………………………………………………... 1

Fed R. Cir. P. 33……………………………………………………………………………... 1

Fed R. Cir. P. 34……………………………………………………………………………... 1

Fed R. Cir. P. 37……………………………………………………………………………... 1

## I.    **INTRODUCTION**

Relator, Unique Product Solutions, Limited ("Unique"), hereby submits its Brief in Opposition to Defendant Hy-Grade Valve, Inc.'s ("Hy-Grade") Motion to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. ("Hy-Grade's Motion"). Hy-Grade's Motion must be denied because: (1) Hy-Grade failed to comply with Fed. R. Civ. P. 30, 33, 34, and 37 by providing incomplete and evasive written and deposition discovery responses; (2) general and specific personal jurisdiction can be established through Hy-Grade's $90,000 of continuous sales to Ohio of alleged falsely marked products; (3) Hy-Grade fails to demonstrate that the relevant factors weigh strongly in favor of transfer to Alabama; and (4) Hy-Grade has sufficiently pled a claim under 35 U.S.C. § 292  ("Section 292") because even if Fed. R. Civ. P. 9(b) applies, intent may be alleged generally.

In light of Hy-Grade's incomplete and evasive Answers and Responses to Unique's written discovery requests and disposition questions, Unique requests that this Court find personal jurisdiction over Hy-Grade and proper venue in this District exist.  In the event that this Court determines that any part of Unique's Complaint fails to set forth a claim under Section 292, Unique respectfully requests that it alternatively be granted leave to amend.

## II.    **PROCEDURAL POSTURE**

Hy-Grade filed a Motion to Dismiss pursuant to Civ.R. 12(b)(2), (3), and (6) in response to Unique's Complaint in this case.  Hy-Grade's Motion is supported by the affidavit of its President, Victor Teumer.  Based upon Teumer's affidavit, Unique sought and obtained leave to conduct jurisdictional discovery concerning the issues of venue and personal jurisdiction. Unique served Interrogatories, Request for Production, and Request for Admissions upon Hy-Grade.  Unique also noticed the deposition of Hy-Grade's corporate representative, which was rescheduled at Hy-Grade's request for 10:30 a.m. on January 28, 2011.  At 3:42 p.m. on January

27, 2011 the undersigned received Hy-Grade's responses to written discovery via email. However, the discovery responses that were provided by Hy-Grade were incomplete and evasive, a few of which no Answers or Responses were even given.  As herein shown below, Hy-Grade continued to provide evasive answers at deposition.  Furthermore, despite requests by the undersigned for complete responses to written discovery, which counsel for Hy-Grade subsequently agreed to provide, Hy-Grade has not supplemented or provided the additional information and documents to Unique.[1]

A defendants failure to comply with jurisdictional discovery may result in the Court finding that jurisdiction exists over the defendant.[2]  Here, Hy-Grade attempts to offer evidence in support of their motion to dismiss but has unfairly evaded jurisdictional discovery of facts contrary to its position.  Accordingly, Hy-Grade's incomplete and evasive responses to jurisdictional discovery must be construed against them on the issues of venue and personal jurisdiction.

III.    **STATEMENT OF FACTS**

Hy-Grade, via Temuer's affidavit, infers that Hy-Grade does not do any business with Ohio.  However, Hy-Grade's counsel represents in its motion to dismiss that Hy-Grade sold seventeen valves to representative distributors in Ohio since 2005.  Hy-Grade revised its sales figures to indicate twenty-one Ohio sales in response to Unique's jurisdictional discovery requests.[3]  At the deposition of Hy-Grade's Corporate representative on January 28, 2011, Temuer again changed the number of Ohio sales — this time to twenty-three.

---

[1] Exhibit A (email correspondence between the undersigned and Attorney Jones dated February 4, 2011 and February 1, 2011).
[2] *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 706-09 (1982).  *See also, Coca-Cola Foods v. Empresa Comercial Internacional de Frutas, S.A.*, 1997 U.S. Dist. LEXIS 9295, at *27 (M.D. Fla. June 12, 1997).
[3] Discovery Responses attached as Exhibit B.

Hy-Grade has produced limited information concerning seven of the twenty-three sales, which include alleged falsely marked products shipped to Columbus, Dayton, Cleveland, and Maineville, Ohio.[4] The sixteen remaining sales include alleged falsely marked products shipped to Circleville, Middleton, Ottoville, Cleveland, Dayton, and Columbus, Ohio.[5] Documents and information pertaining to the remaining sixteen Ohio sales (initially identified in the discovery responses as fourteen) have still not been produced by Hy-Grade despite Hy-Grade's counsel representation that they would be sent by overnight mail or emailed on Monday February, 7, 2011.[6]

In addition, the undersigned discovered at Teumer's deposition that Hy-Grade did not even search for documents responsive to Unique's written discovery requests, such as written quotes by or for Ohio companies.[7] Hy-Grade also did not produce, or even look for, their log indicating the places where its marketing materials were distributed in Ohio.[8] Hy-Grade did not provide, or again, look for, information from its software programs that keep track of Ohio sales.[9] Lastly, Hy-Grade did not produce the work orders from Ohio sales.[10]

Hy-Grade sells its products through distributors.[11] Hy-Grade denies having any independent "representatives" but admits that Hy-Grade's products are regularly marketed by approximately ten distributors with its permission.[12] Hy-Grade admits that it transacts business

---

[4] Exhibit B.
[5] Exhibit B at Answer to Interrogatory No. 2.
[6] Deposition of Victor Teumer dated January 28, 2011 at p.35 attached as Exhibit C; Exhibit A; Exhibit B.
[7] Teumer depo p.22.
[8] *Id.* at p.29-30.
[9] *Id.* at p.42-45.
[10] *Id.* at p.58.
[11] *Id.* at p.24.
[12] *Id.* at p.14-17; Exhibit D ("CGIS represents the world's best valve manufacturers... Founded in 1984 Hy-Grade Valve, Inc manufacturers check valves...") (with links to Hy-Grade's website and downloadable brochures) ("Carter Chambers is a distributor of... Hy-Grade check valves and related equipment...").

through its website by way of email invitation.[13] Hy-Grade indicates that its sales of allegedly falsely marked products to Ohio amount to approximately $90,000.[14] Teumer depo at p.51. However, Hy-Grade's counsel instructed their representative not to answer questions concerning the percentage of Hy-Grade's total sales the $90,000 represented.[15] Nevertheless, it is apparent that Hy-Grade derived substantial revenue from its continued business in Ohio.

Hy-Grade contends that it does not know if its products are used by Ohio consumers because it "does not necessarily know the identity of any end-user customers", based upon Hy-Grade's shipments as "F.O.B. Fairhope".[16] However, Teumer admits that Hy-Grade prepares and signs shipping memos that state the address of their shipments to Ohio. Hy-Grade also admits that its products that were shipped to Ohio had the allegedly falsely marked patent number on it.[17] Furthermore, Hy-Grade maintains a continuing obligation to its customers in Ohio via its product warranty.[18]

## IV. HY-GRADE BUSINESS ACTIVITIES IN OHIO SATISFIES GENERAL AND SPECIFIC PERSONAL JURISDICTION

Dismissal is only proper if all the facts taken together fail to establish a *prima facie* case for personal jurisdiction.[19] Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend

---

[13] *Id.* at p.28; Temeur testified at deposition that it made a typographical error is providing Hy-Grade's website address in its Answers to Interrogatories, which would send an internet user to the website of an entirely unrelated company.
[14] Teumer testified that sales of the sixteen transactions it has produced limited information are approximately $90,000; Teumer later testified that all the total of all Ohio sales (including the additional seven) amounted to $90,000.
[15] Teumer depo at p.39-40 ("Mr. Jones: Well, their sales and all is not a jurisdictional matter. The total volume of sales is not a jurisdictional matter and to that extent, you know, I would instruct the witness not to answer questions just about total sales.").
[16] Teumer Aff. ¶7; Teumer depo at p.56-57.
[17] Teumer depo at p.61-62.
[18] *Id.* at p.74-75.
[19] *Compuserve, Inc. v. Patterson*, 89 F.3d at 1262 (6th Cir. 1996); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980); and *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).

'traditional notions of fair play and substantial justice.'"[20]  In determining whether personal jurisdiction exists over an out-of-state defendant, a court must consider: (1) whether the forum state's long-arm statute authorizes jurisdiction; and (2) if so, whether exercising that jurisdiction comports with constitutional due process.[21]

### A.      Ohio's Long Arm Statute

O.R.C. 2307.382(A) provides numerous bases for a court to exercise personal jurisdiction over a person which include, but are not limited to, when a business, either directly or through an agent, (i) transacts any business in Ohio, (ii) contracts to supply services or goods in Ohio, or (iii) causes tortious injury in Ohio, if it regularly does or solicits business in the state or reasonably expects that his actions would cause such an injury in Ohio.

By contracting to sell at least $90,000 of its warranted products to Ohio, over the course of at least twenty-three separate transactions after the patent in question expired, Hy-Grade has continually provided goods to Ohio.  Hy-Grade's continued contracts for sales to Ohio in 2005, 2006, 2007, 2008, and 2009 establish a regular course of business in Ohio.  Hy-Grade's continuing warranty obligations to Ohio customers further demonstrates a continuous connection to Ohio.  Accordingly, Ohio's long arm statute is satisfied because Hy-Grade regularly conducts and transacts business in Ohio, ships its products to Ohio, and reasonably expects that its products may cause injury in Ohio.

### B.      Due Process

The Sixth Circuit has established a three part test for analyzing the second element for determining personal jurisdiction, due process.[22]  First, the defendant must purposefully avail

---

[20] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457 (1940).

[21] *Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).

[22] *Air Products & Controls, Inc.*, 503 F.3d at 550.

himself of the privilege of acting causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.[23] It is often recited that the first prong — purposeful availment — is the "sine qua non for in personam jurisdiction."[24]

### i.    Purposeful Availment

Here, Hy-Grade has purposefully availed itself in Ohio by regularly selling and shipping its products from 2005 to 2009 to Ohio businesses. Hy-Grade placed its products into the stream of commerce with the expectation that such products would be sent to, distributed, and used by Ohio consumers. When a company sells its products in a state, it has fair warning that it can be sued there.[25] Therefore, the purposeful availment prong is satisfied.

### ii.    Reasonableness Factors

If a court concludes that the defendant has purposefully directed activities to residents of the forum, and that the litigation results from alleged injuries arising out of, or relating to those activities, the court must then decide whether exercising jurisdiction would comport with fair play and substantial justice.[26]    When a defendant cites this test to avoid jurisdiction, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*  Reasonableness factors include:  (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the

---

[23] *Id.* at 550.

[24] *Id.* at 550, citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d. 374, 381 (6th Cir. 1968). *See also, World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559 (1980).

[25] *Id.; see also, Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (If a company delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state, the forum state does not exceed its powers under the Due Process Clause by asserting personal jurisdiction over the corporation.).

[26] *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008).

interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.[27] When a defendant cites this test to avoid jurisdiction, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[28]  A defendant cannot avoid jurisdiction based on unreasonableness, except in the rarest of circumstances.[29]

Examining the factors in this case, personal jurisdiction is warranted.  Hy-Grade sells its products nationally and internationally.  The presence of Hy-Grade's products in Ohio is not by happenstance, but rather the product of Hy-Grade's repeated annual sales to Ohio.  Personal jurisdiction over Hy-Grade is also supported by its ongoing product warranty obligations to its Ohio customers.  Hy-Grade argues jurisdiction is unreasonable because "all records and witnesses with relevant information known to Hy-Grade are located in Alabama."  However, this argument concerns venue, not personal jurisdiction.  The reasonableness prong of personal jurisdiction pertains to a sufficient connection with Ohio to exercise jurisdiction.  Accordingly, this Court's exercise of personal jurisdiction over Hy-Grade is reasonable.

## V.  **VENUE IS PROPER IN THIS DISTRICT**

The party requesting a transfer of venue pursuant to 28 U.S.C. § 1404(a) bears the burden of showing that the relevant factors "weigh strongly in favor of transfer."[30]  This District requires more than a mere shifting of inconveniences to the plaintiff to justify a transfer of venues under

---

[27] *Inamed v. Kuzmak,* 249 F.3d 1356, 1363 (Fed. Cir. 2001).

[28] *Id.*

[29] *Campbell Pet,* 542 F.3d at 884; *see also, Hoodlums Welding Hoods,* 2009 U.S. Dist. LEXIS 100356 (E.D MO). (A suit involving false marking violations that held: "[t]his is not one of those rare situations where the exercise of jurisdiction would be unreasonable.").

[30] *Nicol v. Koscinski,* 188 F.2d 537 (6th Cir. 1951) (emphasis added).

28 U.S.C. § 1404(a).[31]  Even in a *qui tam* action, "a plaintiff's choice of proper forum is a paramount consideration… and that choice 'should not be lightly disturbed.'"[32]  Accordingly, U.S. District Courts have respected the choice of relators bringing *qui tam* actions under Section 292 forcing companies distributing their products nationwide or internationally, like Hy-Grade, to defend such actions in a district other than where the defendant's headquarters are located.[33]

35 U.S.C. § 50, the predecessor to Section 292, expressly stated that venue was only proper where the offense was committed, i.e. where the actual stamping or affixing of the false markings occurred.[34]  Notably, in redrafting the statute, Congress consciously deleted the venue limitation that previously existed.  By omitting this limitation from the current Section 292, Congress intended for false marking claims to be brought in jurisdictions other than a defendant's home district.[35]

Hy-Grade's falsely marked products (the subject matter of this cause of action) were advertized, offered for sale, and shipped to Ohio.  Hy-Grade maintains ongoing warranty obligations with those products it has continuously sold and shipped to Ohio.  Hy-Grade's counsel alleges that it would be inconvenienced by defending a lawsuit in this District because relevant documents and witnesses are located in Alabama.  However, Hy-Grade does not submit any evidence, via Temeur's Affidavit or otherwise, of its purported inconvenience.  Specifically, Hy-Grade does not indicate the burden that exists due to the location of documents in Alabama.  Hy-Grade does not indicate whether the remaining documents can be as easily transmitted by

---

[31] *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.").

[32] *Hollander v. Etymotic Research, Inc.*, 2010 U.S. Dist. LEXIS 71071, at *21-22 (E.D. Pa., July 14, 2010).

[33] *Texas Data Co. v. Target*, 2011 U.S. Dist. LEXIS 2917 *41-46 (E.D. Texas, Jan. 12, 2011); *Americans For Fair Patent Use v. Sprint Nextel*, 2011 U.S. Dist LEXIS 2947 (E.D. Texas, Jan. 12, 2011); *Hollander v. Etymotic Research, Inc.*, supra; *U.S. ex rel. FLFMC, LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. LEXIS 45453 (W.D. Pa., May 7, 2010); and *Harrington v. CIBA Vision Corp.*, 2008 U.S. Dist. LEXIS 64199 (W.D. N.C., July 23, 2008).

[34] *Harrington, supra* at *3-*4.

[35] *Id.*; 28 U.S.C. § 1395(a).

8

email as the limited number of documents already provided.  Hy-Grade further does not indicate whom it would even call as witnesses or the burden such witness(es) it would experience from any such increased costs.  More significantly, Hy-Grade's incomplete and evasive answers to written discovery and deposition questions must be construed against them.  Therefore, Hy-Grade has not met its burden of establishing that the relevant factors "weigh strongly" in favor of transfer.

## VI.  RELATOR'S COMPLAINT SATISFIES RULE 9(b) WHICH ALLOWS A PARTY'S INTENT TO BE ALLEGED GENERALLY

In determining whether a complaint should be dismissed for failing to state a claim for relief, the complaint must be construed liberally in the plaintiff's/relator's favor and all factual allegations and permissible inferences are accepted as true.[36]  A complaint must contain "either direct or inferential allegations respecting all the material elements" and those allegations must amount to more than "bare assertions of legal conclusions."[37]  Ultimately, because a Rule 12(b)(6) motion tests the sufficiency of the complaint, the court's review amounts to a determination of whether it is possible for the plaintiff/relator to prove any set of facts in support of its claims that would entitle it to relief.[38]  When a complaint adequately states a claim, it may

---

[36] See *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); and *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993).

[37] *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988), quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

[38] See *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (explaining that a court "should deny [a Rule 12(b)(6)] motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief"); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) ("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."); and *Schied*, 859 F.2d at 436 ("[a] Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint" and a claim should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

not be dismissed based on a district court's assessment that the plaintiff will fail to find

evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.[39]

## A.    <u>Stating A Claim Under Section 292</u>

Section 292(a) provides, in pertinent part:

(a)... Whoever marks upon, or affixes to, or uses in advertising in connection
with any unpatented article the word "patent" or any word or number importing
the same is patented, for the purpose of deceiving the public; ... -- Shall be fined
not more than $500 for every such offense.

(b)  Any person may sue for the penalty, in which event one-half shall go to the
person and the other to the use of the United States.

In order to state a false marking claim under Section 292, the relator must allege: (1) marking or

advertising an unpatented article as patented, and (2) intent to deceive the public.[40] The question

of whether conduct rises to the level of statutory deception is a question of fact.[41]

To properly plead the first element of a false marking claim, the relator must allege that

the defendant marked an unpatented article with the word "patent" or any word or number that

imports that the article is patented, or used the word "patent" or any word or number that imports

that the article is patent in advertising an unpatented article. The CAFC recently held that an

article covered by an expired patent is "unpatented" for purposes of Section 292.[42]

[A]n article that was once protected by a now-expired patent is no different from
an article that has never received protection from a patent. Both are in the public
domain. * * * [D]etermining the expiration date of a patent can, at times, be
difficult. The date of the patent grant is shown of the first page of a patent, but its
term currently also depends on the date it was filed; in 1994, the effective term of
a patent changed from seventeen years commencing at issuance to twenty years
from filing. Furthermore, the term depends on whether there are patent term
adjustments and whether the patent owner has paid maintenance fees. Thus, as
with a never-patented article, an article marked with an expired patent number

---

[39] *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)( holding that a district court
weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is
entitled to offer evidence to support the claims").
[40] *See Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).
[41] *Clontech*, 406 F.3d at 1353.
[42] *Solo Cup*, 608 F.3d at 1361-63.

imposes on the public the cost of determining whether the involved patents are valid and enforceable.[43]

Here, Unique alleges that Hy-Grade advertized and marked seven of its valve products with the '041 Patent for more than 5 years after the expiration thereof.[44]  Hy-Grade's advertisements misrepresenting the intellectual property protecting its products, made via its website as of August 26, 2010, are attached to Unique's Complaint.[45]

Hy-Grade's Motion does not dispute that Unique properly pled the first element under Section 292. Accordingly, the second element of Unique's false marking claim — Hy-Grade's deceptive intent in mismarking and advertising its products with an expired and unenforceable patent — is the only element which Hy-Grade contends was insufficiently pled.

## B.    Hy-Grade's Intent To Deceive

As a preliminary matter, under the CAFC's recent decision in *Solo Cup*, Unique is only required to prove that Hy-Grade knew the '041 Patent expired to create a rebuttable presumption of Hy-Grade's intent to deceive, thereby shifting the burden of proof to Hy-Grade to prove "that it did not consciously desire the result that the public be deceived."  Furthermore, ignoring that it is unclear whether the heightened pleading standard under Rule 9(b) even applies to claims brought under Section 292,[46] one's intent or knowledge is not required to be pled with specificity under Rule 9(b).

Assuming it even applies in this case, Rule 9(b) does not supersede, but rather must be read together with, the general notice pleading standard.[47]  Fed. R. Civ. P. 8(a)(2) requires only a short and plain statement of a claim showing that the pleader is entitled to relief in order to give a

---

[43] *Id.*, at 1361-62 (internal citations and quotations omitted).
[44] Complaint, at ¶¶ 33-34, and 36-37.
[45] Exhibit B to Complaint.
[46] Which issue, as Defendant's Motion to Dismiss correctly points out, is currently pending before the CAFC. *See* Petition for Writ of Mandamus, *In re BP Lubricants USA, Inc.*, No. 2010-M960 (Fed. Cir. Sept. 14, 2010).
[47] *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

defendant fair notice of what the claim is and the grounds upon which it rests. Rule 9(b), quoted

below, sets forth a heightened pleading requirement for certain matters.

> (b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, *intent, knowledge*, and other conditions of a person's mind *may be alleged generally.*

(emphasis added). Conveniently ignored in Hy-Grade's Motion, "[t]he second sentence of Rule

9(b) *allows conclusory allegations of defendant's knowledge* as to true facts and of *defendant's*

*intent to deceive.*"[48]

Courts have been "lenient in allowing scienter issues to withstand summary judgment[,

let alone a motion to dismiss,] based on fairly tenuous inferences. 'Whether a given intent

existed is generally a question of fact, appropriate for resolution by the trier of fact.'"[49] This

relaxed standard is especially appropriate when matters are uniquely within the defendant's

control or knowledge in order to avoid creating a virtually impossible pleading standard.[50]

> [C]ourts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control... Rule 9(b) does not require omniscience; rather, the Rule requires that the circumstances of the fraud be *pled with enough specificity to put defendants on notice as to the nature of the claim.*[51]

Accordingly, Unique's Complaint must only allege a sufficient factual basis to allow for

the inference that Hy-Grade falsely marked or falsely advertised its products with a deceptive

intent. In fact, pursuant to the CAFC's decision in *Solo Cup*, Unique need only demonstrate that

Hy-Grade was aware the '041 Patent expired to create a rebuttable presumption of Hy-Grade's

intent to deceive.[52]

---

[48] *Harrison*, 176 F.3d at 784 (emphasis added).
[49] *Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 538 (2nd Cir., 1998). *See also, Hoffman v. Comshare, Inc.*, 183 F.3d 542 (6th Cir. 1999); and *Meijer, Inc. v. Ferring B.V.*, 585 F.3d 677, 693 (2nd Cir., 2009).
[50] *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir., 1988). *See also, DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2nd Cir., 1986); and *Press*, 166 F.3d at 693.
[51] *Michaels Bldg. Co.*, 848 F.2d at 680 (emphasis added).
[52] *Solo Cup*, 608 F.3d at 1362-1363.

Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true. Intent to deceive, while subjective in nature, is established in law by objective criteria. Thus, "objective standards" control and "*the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent*". Thus, under such circumstances, the mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability.[53]

Hy-Grade's argument that the deceptive intent element must be pled with particularity directly conflicts with the plain language of the Federal Rules of Civil Procedure, which expressly provide that a person's intent and knowledge may be pled generally.[54] The exact same argument postured by Hy-Grade was recently raised by the defendant in *Simonian v. Blistex*[55] and rejected. As is true in this case, the defendant's argument in *Blistex* "conflates the legal standard applicable to motions to dismiss, on the one hand, and that which governs one's burden of proof at trial, on the other." *Blistex*, at p. 6. In rejecting the defendant's argument and holding that the relator's complaint satisfied Rule 9(b), the Court stated:

> [I]t is abundantly clear that, to survive a motion to dismiss, a Relator need not plead facts that foreclose the possibility of its not prevailing at trial. This proposition is not only self evident, but has been spelled out by the Supreme Court itself. *See Iqbal*, 129 S. Ct. at 1949. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant as acted unlawfully."). Relator has pleaded that Blistex is a sophisticated company with lawyers familiar with intellectual-property issues. The complaint also alleges that Blistex was aware or should have been aware that the '924 patent marked on its BLISTEX® products had expired. Such well-pleaded facts "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. Even though it is possible for a company falsely and knowingly to mark a product with an unexpired patent and not yet violate 35 U.S.C. § 292, Relator's cited allegations against Blistex make it more than possible that Defendant did so to deceive the public. *Id.* at 1950. ("[A] complaint that states a plausible claim for relief survives a motion to dismiss.") Simonian's subsequent allegation that Blistex falsely marked the relevant

---

[53] *Clontech*, 406 F.3d at 1352-1353 (emphasis added). *See also, Solo Cup*, 608 F.3d at 1364.
[54] Fed R. Cir. P. 9(b).
[55] 2010 U.S. Dist. LEXIS 117058 (E.D. Ill. Nov. 3, 2010)

products with "intent to deceive the public and to gain a competitive advantage in the market" merely bolsters this plausibility.

\*\*\*

Third, there is no force to Blistex's argument that "not even a plausible motive to drive Defendant's alleged deceitful intent is supplied by the Relator." A company's desire to maximize profit, however, constitutes a plausible motive, given that false marking may temper the price-reducing effects of competition.[56]

In this case, Unique specifically alleges that Hy-Grade: (i) is a relatively sophisticated company; (ii) regularly maintains sophisticated legal counsel in the area of intellectual property; (iii) maintains an internal docketing system respective to Hy-Grade's intellectual property rights; and (iv) has years of experience in applying for patents, obtaining patents, licensing patens, litigating patent infringement lawsuits, marking its products with patents, and advertizing its products as "patented".[57]

Based upon its knowledge and sophistication, Unique alleges that Hy-Grade knew the '041 Patent expired on April 5, 2005.[58] Unique further alleges that "Defendant intended to deceive the public by using a patent which it knew expired more than 5 years ago in advertising in connection with the Falsely Marked Products and marking, or causing to be marked, the Falsely Marked Products with said expired patent."[59] Moreover, Unique identifies the specific representations made on Hy-Grade's website upon which its claims are based.[60] Accordingly, Unique has satisfied the applicable pleading requirements by alleging a factual basis creating the reasonable inference that Hy-Grade intentionally misrepresented to the public that its products were protected by the '041 Patent, while knowing they were not.

---

[56] *Blistex,* at pp.6-10 (emphasis added).
[57] Complaint, at ¶¶22-24.
[58] *Id.* at ¶¶ 32 and 38.
[59] *Id.* at ¶38.
[60] *Id.* at Exhibit B and ¶33.

In addition, scienter or intent to deceive may also be alleged by a strong showing of reckless disregard for the truth.[61] In a securities fraud action, the Second Circuit explained that intent to deceive includes "conduct [that] at the least is highly unreasonable and which represents an extreme departure from the standards of ordinary care; or to evidence that the defendants failed to review or check information that they had a duty to monitor, or ignored obvious signs of fraud." *Id.* In enacting Section 292, Congress imposed a duty upon manufacturers, like Hy-Grad, to ensure their intellectual property markings are correct and accurate. Hy-Grade is specifically alleged to have violated this duty by falsely advertising and marking its products as being protected by the '041 Patent, despite knowing the '041 Patent expired and was unenforceable.

In support of its Motion to Dismiss, Hy-Grade states "[t]he bar for *proving* deceptive intent is 'particularly high,'" (emphasis added) citing to *Solo Cup*, supra, which was decided upon summary judgment. However, Hy-Grade confuses the legal standard applicable to motions to dismiss and Unique's burden of proof at trial. Whether the evidence will satisfy the burden of proof at trial is irrelevant in determining whether the allegations in Unique's Complaint are sufficient.

Nonetheless, the requisite pleading standard should mirror the presumption set forth in *Solo Cup*, which states that "the combination of a false statement and knowledge that the statement was false" creates a rebuttable presumption of intent to deceive the public.[62] Therefore, a relator bringing a claim pursuant to Section 292 must simply allege that the defendant actually

---

[61] *South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 109 (2nd Cir., 2009).
[62] *Id.*

knew its products were not protected by the patent marked thereon or used in advertising the product, giving rise to the inference of a deceptive intent.[63]

Hy-grade also contends that Unique must allege the "who, what, when, where, and how of the material misrepresentation or omission".[64] However, as illustrated in the recent *Blistex* decision, the "who" is Hy-Grade. The "what" is Hy-Grade's representation in advertising that its check valve products, identified in Paragraph 33 of Unique's Complaint, were protected by the expired '041 Patent. The "when" is after the '041 Patent expired on April 5, 2005.[65] The "where" is on the product packaging and advertisements contained on Hy-Grade's website.[66] The "how" is Hy-Grade's knowing misrepresentation to the public that its products were protected by the '041 Patent.[67] Accordingly, Unique has pled its claims for relief under Section 292 with enough specificity to put Hy-Grade on notice as to the nature of the claims and, thus, has satisfied Rule 9(b).

**C.     Motion for Leave to Amend**

Notwithstanding the foregoing, in cases where a relator has been found to have failed to state a claim for false marking, courts have generally permitted the relator to amend its complaint. In addition, after filing the Complaint, Unique has discovered that several of the Falsely Marked Products identified in Paragraph 33 of Unique's Complaint were never covered by the '041 Patent. Specifically, the products identified in Unique's Complaint as (i) Series "T" Wafer pattern Check Valve, (ii) Series "F" and "L" Solid Lug Pattern, (iii) Series "X" Swing Check Valve, and (iv) Series "P" Plastic Bodies Check Valve were never covered by the '041 Patent.

---

[63] *Id.*
[64] Hy-Grade's Motion at p. 18.
[65] Complaint at ¶31.
[66] *Id.* at ¶¶36-37.
[67] *Id.*, at ¶ 38.

Therefore, Unique's Complaint sufficiently states a claim for relief under Section 292. However, should this Court determine Unique's Complaint is deficient in any manner, Unique requests leave amend its complaint to state any additional facts which this Court believes are necessary and to add allegations regarding the products that were never covered by the '041 Patent.

## VII.  CONCLUSION

Wherefore, based upon the foregoing law and argument, Hy-Grade's Motion should be denied.  Hy-Grade does not substantiate a proper basis for dismissal or transfer of venue. However, should this Court find questions regarding whether personal jurisdiction exists over Hy-Grade or interpret Unique's Complaint to be deficient in any manner, Unique respectfully requests leave to amend its Complaint.

Respectfully submitted:

*/s/ David J. Hrina*
Mark J. Skakun, III (No. 0023475)
David J. Hrina (No. 0072260)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
3800 Embassy Parkway, Suite 300
Akron, OH 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559

Counsel for Relator
Unique Product Solutions, Limited

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of FEBRUARY 2010, a copy of RELATOR'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

«AK3:1056636_1»